*McCaleb* for the plaintiff.

---

### BYRD vs. McMICKEN.

APPEAL from the court of probates of the parish of West Feliciana.

A curator cannot compensate a claim of the estate, with a debt due to a firm of which he is a member.

MARTIN, J. delivered the opinion of the court. This case was remanded from this court, in May, 1827, *vol.* 5, 516. On its return, McMicken filed an answer, averring his readiness to receive the property of the estate in the hands of Byrd, and to receive and settle his accounts, but denied Byrd's right to retain

East'n. District.
*June*, 1820.
〜〜〜
BYRD
*vs.*
McMICKEN.

any part of the estate, for the firm of A. & W. Byrd. He urged that Byrd was chargeable for the appraised value of the property of the estate, having disposed of it, in an illegal manner.

Haroldson intervened, and prayed to be subrogated with his co-surety on Byrd's curator's bond, to the rights of the estate on Byrd's property.

The court decreed, that Byrd's account on file, so far as it relates to privileged debts paid by him, be allowed and passed: that the sum of $2557 11, be considered as compensated with, or paid to, A. & W. Byrd, and the balance, $1956 91, be paid to the present curator, (McMicken,) for the benefit of the creditors of the estate, with the reservation in favor of the sureties on Byrd's curator bond, and of a privilege or preference over the creditors of the firm of A. & W. Byrd: the costs to be paid by the estate.

The court certainly erred, in allowing Byrd, the former curator, any part of the estate, or considering the same as compensated with, for the benefit of A. & W. Byrd: they must be paid with the other creditors of the estate, and the former curator must absolutely empty his hands into those of the present.

BYRD
*vs.*
McMICKEN.

The sureties of the first curator may be subrogated to rights of his, but not to those of a firm, of which he was a member. Although a partner be appointed curator of the estate of a debtor of the firm, his acts, as a curator, are not the acts of the firm, and if he waste the estate, and his sureties suffer, their claim is against him alone, and not against the firm.

As to the demand of the present curator, that the former account for the value of the goods, at the price of the appraisement, the court of probates have not acted on it. It appears by the record, that a very large proportion of the estate was purchased by A. & W. Byrd, of the firm of whom the then curator was a partner. The case in this particular cannot be distinguished from that of *Hand & al.* vs. *Norris' heirs,* 11 *Martin,* 297. The sale was illegal, and as the curator received the goods, it is just he should account for them, at their appraised value.

It is therefore ordered, adjudged and decred, that the judgment of the court of probates be annulled, avoided and reversed, and the case be remanded, with directions to the judge of probates to cause the former curator and appellee, Byrd, to account for the appraised

BYRD
*vs·*
McMICKEN.

value of the goods, purchased by the firm of A. *&* W. Byrd, and himself, and for all moneys in his hands, without allowing him to retain or compensate any part thereof with, or for, the firm of A. *&* W. Byrd, and proceed therein, according to the principles here laid down; the appellee paying costs in this court.

*Preston* for the plaintiff.